# United States Court of Appeals for the Federal Circuit

---

**MICHAEL ALAN CROOKER,**
*Plaintiff-Cross-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2015-5056, 2015-5060

---

Appeals from the United States Court of Federal Claims in No. 1:10-cv-00546-EDK, Judge Elaine Kaplan.

---

Decided: July 12, 2016

---

JOHN HARDIN YOUNG, Sandler, Reiff, Lamb, Rosenstein & Birkenstock P.C., Washington, DC, argued for plaintiff-cross-appellant.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; SOPHIA Y. KIL, Litigation Division, Office of the Chief Counsel, Bureau of Alcohol, Tobacco, Firearms and Explosives, Washington, DC.

---

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

PER CURIAM.

Michael Alan Crooker is currently serving a fifteen-year prison sentence imposed after he pled guilty to charges of mailing a threatening communication and possession of a toxin without registration. He received credit toward this sentence for 2,273 days he spent imprisoned on a prior conviction for transportation of a firearm in interstate commerce by a convicted felon, a conviction that was overturned on appeal. Mr. Crooker filed suit against the United States government under the Unjust Conviction and Imprisonment Act (i.e., 28 U.S.C. §§ 1495, 2513) and sought monetary damages for the time he spent in prison on the subsequently overturned firearm conviction, despite the sentencing credit he had already received for that same period of imprisonment. The Court of Federal Claims awarded Mr. Crooker the statutory maximum for the first 1,259 of those days, a total of $172,465.75.

Each party appeals the court's judgment. In its appeal, the government argues that Mr. Crooker should receive no money damages in view of the sentencing credit he received. In his cross-appeal, Mr. Crooker argues that he is entitled to damages for the full 2,273 days he spent imprisoned on the overturned firearm conviction.

Because the entirety of Mr. Crooker's "unjust" imprisonment has been applied to a "just" conviction and, as a result, Mr. Crooker will spend no more time in prison than he is legally required, we *reverse* the judgment below and hold that Mr. Crooker is not entitled to any damages under the Unjust Conviction and Imprisonment Act.

## BACKGROUND

Mr. Crooker has a long criminal history. The portion of Mr. Crooker's past relevant to this appeal began in April 2004. That month, the U.S. Postal Inspection

Service received a tip that Mr. Crooker was engaged in the illegal shipment of hazardous chemicals through the mail. As part of its investigation of that tip, the Postal Inspection Service confiscated, x-rayed, and ultimately opened a package Mr. Crooker delivered to his local post office for interstate shipment. The package contained an air rifle and a homemade silencer. Investigators concluded that the silencer could be adapted for use with a firearm. As a result, Mr. Crooker was arrested on June 23, 2004, for transportation of a firearm in interstate commerce by a convicted felon (the Firearm Charge).

In conjunction with Mr. Crooker's arrest, government officials searched Mr. Crooker's car and home. Officials discovered a suspected explosive device in Mr. Crooker's car. An explosives expert performed a controlled detonation of the device. At Mr. Crooker's home, officials discovered components for explosive devices and ingredients for the toxins ricin and abrin. Officials later found weapons, ammunition, and additional evidence of the manufacture and possession of ricin during searches of the homes of Mr. Crooker's father and brother.

The government asked the District Court for the District of Massachusetts that Mr. Crooker remain in detention pending trial on the Firearm Charge. The district court agreed on August 27, 2004. The magistrate judge explained:

> Although the charge itself, standing alone, would not call for detention, circumstances surrounding the charge, together with Defendant's own threats and admissions in a series of letters written to this court and others,[1] makes clear that Defend-

---

[1]   In one such letter, Mr. Crooker mailed the U.S. Attorney's office a threat to use ricin against government officials.

ant poses a real threat to the community at large, if not particular individuals as well. . . .

As if these facts were not enough to demonstrate dangerousness, Defendant's own correspondence . . . reveals erratic and threatening behavior on his part. As examples only, Defendant refers to Timothy McVeigh as a "martyr," makes mention of his own threats against the Government, expresses admiration for Osama Bin Laden's brilliance, and threatens to continue to purposefully make weapons at the detention facility at which he presently resides.

J.A. 127–29.

A jury convicted Mr. Crooker on the Firearm Charge on July 11, 2006. Mr. Crooker was subsequently sentenced to 262 months in prison. Mr. Crooker received full credit toward his sentence for the over two years he spent in pre-trial detention.

The Court of Appeals for the First Circuit overturned Mr. Crooker's conviction on June 18, 2010. *United States v. Crooker*, 608 F.3d 94 (1st Cir. 2010). The court held that federal law prohibits the interstate transfer of a silencer only where the possessor intends to use the silencer with a firearm or where the possessor intends to pass the silencer to someone he knows will use the silencer with a firearm. *Id.* at 99. The court found no evidence that Mr. Crooker intended that the silencer be used with anything other than an air rifle. *Id.* The court thus explained that while Mr. Crooker "deliberately skated close to the edge of the law and took his chances with a prosecution that the government was entitled to attempt," he could not be found guilty of the offense. *Id.* at 100. Mr. Crooker was released from prison on September 13, 2010. He had been imprisoned for 2,273 days.

Upon Mr. Crooker's release from prison, he was immediately arrested on charges contained in an indictment dated December 4, 2007. The nine-count indictment stemmed from the government's investigation into the toxins discovered in Mr. Crooker's home and the homes of his family members and the threats Mr. Crooker made to the U.S. Attorney (the Toxin and Threat Charge). Mr. Crooker pled guilty to two of the nine counts included in the indictment, namely, mailing a threatening communication and possession of a toxin without registration. As part of the plea agreement, the government and Mr. Crooker agreed "that the time [Mr. Crooker] spent in federal detention [on the Firearm Charge] should be credited against his sentence in this case." J.A. 166. Mr. Crooker was sentenced to 180 months in prison. He received a credit of 2,553 days toward this sentence, which consisted largely of the 2,273 days he was imprisoned on the Firearm Charge.

On August 12, 2010, Mr. Crooker filed suit against the government in the Court of Federal Claims under the Unjust Conviction and Imprisonment Act. He claimed that he was entitled to damages for the full period he was imprisoned on the Firearm Charge. The parties cross-moved for summary judgment on the issue of Mr. Crooker's entitlement to damages. On December 18, 2014, the court ruled in favor of Mr. Crooker in part and in favor of the government in part. *Crooker v. United States*, 119 Fed. Cl. 641, 644 (2014) (*CFC Decision*). It awarded Mr. Crooker $172,465.75 in damages. *Id.* at 658. The amount is equal to the statutory maximum for the 1,259 days Mr. Crooker spent in prison from the date of his arrest on the Firearm Charge (i.e., June 23, 2004) until the date he was indicted on the Toxin and Threat Charge (i.e., December 4, 2007). *Id.* The court held that Mr. Crooker was not entitled to damages beyond the date of the indictment on the Toxin and Threat Charge because, on that date, the indictment—not the conviction on

the Firearm Charge—became the but-for cause of Mr. Crooker's imprisonment.  *Id.* at 656–57.

The government filed a timely appeal of the court's judgment and argues that Mr. Crooker should receive no damages in view of the sentencing credit he received for time served on the Firearm Charge.  Mr. Crooker filed a timely cross-appeal and argues that he should receive damages for the entire term of his imprisonment on the Firearm Charge.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' grant of summary judgment de novo.  *Yant v. United States*, 588 F.3d 1369, 1371 (Fed. Cir. 2009).  "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*  "When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor."  *Id.*

The government offers two reasons why Mr. Crooker is not entitled to any damages in this case.  First, it argues that Mr. Crooker received full credit toward his lawful sentence on the Toxin and Threat Charge for every day he spent imprisoned on the Firearm Charge; as such, the government argues, Mr. Crooker is not entitled to monetary damages for this same prison term.  Second, the government maintains that it had probable cause to detain Mr. Crooker on the Toxin and Threat Charge prior to (or soon after) his arrest on the Firearm Charge and this probable cause served as an alternative (just) justification for his imprisonment.  In the alternative, the government argues that the Unjust Conviction and Imprisonment Act does not permit damages for pre-trial detention and, thus, the damages awarded to Mr. Crooker should be reduced to exclude the two-plus years

Mr. Crooker spent in prison prior to his conviction on the Firearm Charge.

Mr. Crooker responds that he is entitled to damages for every day he spent imprisoned on the Firearm Charge under the plain language of the Unjust Conviction and Imprisonment Act. He argues that nothing in that statute—or the statute related to sentencing credits—allows a court to award damages for anything less than the full term of an unjust imprisonment.

We begin our analysis with the text of the Unjust Conviction and Imprisonment Act. *See Timex V.I., Inc. v. United States*, 157 F.3d 879, 882 (Fed. Cir. 1998) (referring to the statutory text as the "first and foremost 'tool'" of statutory interpretation). Under 28 U.S.C. § 1495:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

The measure of damages flows from a separate statutory provision, 28 U.S.C. § 2513(e):

> The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

At least as it relates to the contours of the "period of incarceration" for which a successful plaintiff may receive damages, the provision is not self-defining. It does not specifically address whether the "period of incarceration" includes pre-trial detention (nor does any other statutory provision we have found). Likewise, no statutory provision specifically addresses whether the "period of incarceration" should exclude those periods credited to another, lawful sentence.

Each party suggests we turn to the sentencing credit statute, 18 U.S.C. § 3585, to resolve these issues—though the parties differ as to the overall impact of the statute on the case.  Section 3585(b) reads as follows:

Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Mr. Crooker argues that because § 3585(b)(1) links his pre-trial detainment for the Firearm Charge to his unjust conviction, he is likewise entitled to damages for this period of incarceration.  Cross-Appellant's Opening Br. 37 ("By providing a credit against a defendant's sentence, section 3585 would allow for the compensation of pre-trial detention that was credited to the sentence for an unjust conviction.").  The government does not disagree with Mr. Crooker's reading of this portion of the statute.  Appellant's Opening Br. 34 ("We have consistently maintained that section 3585 must be applied to this case, and section 3585 provides a clear and simple mechanism for the recovery of pretrial damages for most plaintiffs that would seek compensation (though not Mr. Crooker).").  But the government then goes further and argues that equal effect must be given to § 3585(b)(2).  According to the government, the sentencing credit given to Mr. Crooker under § 3585(b)(2) in effect transferred the entirety of

his time served on the Firearm Charge to the Toxin and Threat Charge. *Id.* at 14 ("Here, because Mr. Crooker received <u>a full credit for every day</u> he spent incarcerated (pursuant to 18 U.S.C. § 3585(b)) against his toxin/threat conviction, the time he spent imprisoned is connected to the toxin/threat conviction, and not the firearms conviction, and cannot serve as the basis for damages." (emphasis in original)). Under this interpretation, no portion of Mr. Crooker's imprisonment remains linked to his "unjust" conviction on the Firearm Charge and no damages award is appropriate. *Id.*

We agree with the parties that § 3585 is applicable to the damages owed a successful plaintiff under the Unjust Conviction and Imprisonment Act. *Contra CFC Decision*, 119 Fed. Cl. at 655 ("[T]he operation of the sentencing credit statute has no bearing on the extent to which a plaintiff is entitled to recover damages under the unjust conviction statute."). The Act expressly awards damages to a wrongly convicted individual based on the length of his "period of incarceration" for that unjust conviction. 28 U.S.C. § 2513(e). A sentence provides the link between the "period of incarceration" and the unjust conviction. *See, e.g.*, 18 U.S.C. § 3581(a) ("A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment."). Therefore, it is wholly appropriate to consult federal sentencing law when determining the proper damages award under the Unjust Conviction and Imprisonment Act.

Applying federal sentencing law—specifically § 3585(b)(2)—to this case makes clear that Mr. Crooker is entitled to no damages. The statute required that Mr. Crooker receive full credit toward his sentence on the Toxin and Threat Charge for each day he served for his

conviction on the Firearm Charge.[2]    18 U.S.C.
§ 3585(b)(2). There is no dispute that Mr. Crooker indeed
received this benefit. Pursuant to the sentencing credit,
each day Mr. Crooker spent imprisoned on the Firearm
Charge transferred to his conviction on the Toxin and
Threat Charge. As a result, there remains no "period of
incarceration" associated with the Firearm Charge and no
damages are appropriate. *See* Oral Argument Tr. 19:04–
20:24 (counsel for Mr. Crooker conceding that at present
no portion of Mr. Crooker's sentence is associated with his
"unjust" conviction on the Firearm Charge).

This result is consistent with the intent of the Unjust
Conviction and Imprisonment Act. *Timex*, 157 F.3d at
882 (describing the importance of "thoroughly investi-
gat[ing] whether Congress had an intent on the matter"
when interpreting a statute). The Act "has the beneficent
purpose of attempting to compensate, as well as money
can compensate such an injury, the plaintiff *for loss of his
liberty* through an error on the part of his government."
*United States v. Lyons*, 726 F. Supp. 2d 1359, 1365 (M.D.
Fla. 2010) (emphasis added) (quoting *Osborn v. United
States*, 322 F.2d 835, 839 (5th Cir. 1963)). Mr. Crooker
suffered no loss of liberty for his unjust conviction. Each
of the 2,273 days he spent imprisoned on the Firearm
Charge has been credited to his lawful sentence for the
Toxin and Threat Charge. He will not spend a single day
in prison longer than he is lawfully required. That the
precise dates of Mr. Crooker's incarceration may have

---

[2]    Mr. Crooker confirmed he would receive the sen-
tencing credit under § 3585 as part of his plea agreement
on the Toxin and Threat Charge. J.A. 166 ("The parties
agree, pursuant to 18 U.S.C. § 3585(b)(2), that the time
Defendant spent in federal detention [for his conviction on
the Firearm Charge] should be credited against his sen-
tence in this case.").

occurred sooner in time than they otherwise would have does not entitle him to monetary damages under the statute.

Our decision to deny Mr. Crooker monetary damages in this case is likewise consistent with traditional rules against double recovery. "[I]t goes without saying that the courts can and should preclude double recovery by an individual." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) (internal quotation marks and citation omitted). Here, Mr. Crooker had the entirety of his imprisonment on the Firearm Charge credited to his sentence on the Toxin and Threat Charge. He thus already received compensation for his otherwise "unjust" imprisonment. He is not entitled to monetary damages on top of this compensation.

For these reasons, we reject Mr. Crooker's argument that "[s]entence credits provided under 18 U.S.C. § 3585(b)(2) have nothing to do with compensation to redress a prior wrongful imprisonment." Cross-Appellant's Opening Br. 25. We also note that Mr. Crooker undercuts his own argument by simultaneously advocating for application of 18 U.S.C. § 3585(b)(1) to award him damages for his pre-trial detention. *Id.* at 37 ("By providing a credit against a defendant's sentence, section 3585 would allow for the compensation of pre-trial detention that was credited to the sentence for an unjust conviction."). There is no logical reason to apply the consecutive provisions of § 3585(b) in such an inconsistent manner.

Because we find that there is no "period of incarceration" attributable to Mr. Crooker's "unjust" conviction on the Firearm Charge, we hold that Mr. Crooker is entitled to no damages under the Unjust Conviction and Imprisonment Act. As such, we need not address the parties' additional arguments regarding whether certain portions

of Mr. Crooker's imprisonment are compensable. Mr. Crooker's cross-appeal is therefore moot.

## CONCLUSION

For the foregoing reasons, we *reverse* the Court of Federal Claims' judgment in favor of Mr. Crooker and hold that Mr. Crooker is not entitled to any damages under the Unjust Conviction and Imprisonment Act.

## REVERSED

### COSTS

No costs.