NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PACIFIC COAST COMMUNITY SERVICES, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1219

_____

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00854-RAH, Judge Richard A. Hertling.

_____

Decided: April 30, 2021

_____

TIMOTHY TURNER, Whitcomb, Selinsky, PC, Denver, CO, for plaintiff-appellant. Also represented by JOSEPH ANTHONY WHITCOMB.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

_____

Before MOORE, HUGHES, and STOLL, *Circuit Judges*.

HUGHES, *Circuit Judge*.

This is a government contracts appeal. The Court of Federal Claims held that the government was entitled to summary judgment because, despite a showing by Pacific Coast Community Services, Inc. that the government ordered a constructive change, the contractor nevertheless failed to prove that it suffered any damages. We agree with the Court of Federal Claims and affirm.

I

In August 2012, Federal Protective Service (FPS) issued a solicitation for commercial administrative support services with a period of performance of one base year and four subsequent one-year option periods. The solicitation required offerors to provide five full-time equivalent employees for four Contract Line Item Numbers (CLINs). The solicitation contemplated an award of a firm-fixed-price contract[1] charged at a monthly rate for each of the CLINs calculated from employees' productive hours—excluding, for example, federal holidays. The solicitation incorporated a "Proposal Pricing Worksheet" on which offerors were to provide the hourly and monthly rates and the total price by CLIN. This worksheet calculated total productive hours as the hours in an employee's work year (2,080 hours) less federal holidays (80 hours) and an unspecified number of vacation hours. J.A. 233. The solicitation also incorporated by reference FAR 52.212-4, J.A. 75, and expressly required the contractor to submit "accurate invoices that reflect the services provided each month" and to attach to the invoices

---

[1]    "A firm-fixed-price contract provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract." FAR 16.202-1. Thus, under a firm-fixed-price contract, the risk of unforeseen costs is borne wholly by the contractor.

a separate sheet detailing variance from the contract requirements, if any, *id.* at 180. The solicitation additionally required the contractor to notify FPS in advance of any contractor employee's absence of longer than two weeks and to provide a replacement employee to perform the duties required by the position.

Pacific Coast submitted a proposal listing 1,888 productive hours per employee per year, or 2,000 hours less annual vacation as disclosed in its Proposal Pricing Worksheet. FPS awarded the contract to Pacific Coast and Pacific Coast began performance in October 2012.

In June 2013, FPS assigned a new Contracting Officer to the contract who began requiring Pacific Coast to perform 2,000 hours of productive hours with full replacement of any absent employee regardless of the duration of their absence. Over the next few years, as FPS awarded Pacific Coast subsequent option years, FPS and Pacific Coast disputed whether the contract required 2,000 or 1,888 productive hours per employee per year, with Pacific Coast continuing to provide no more than 1,888 productive hours and FPS accordingly rating Pacific Coast's performance as "marginal." J.A. 4, 9 (Pacific Coast expressly disclaimed before the trial court "that [its] level of performance exceeded 1,888 productive hours per year, per CLIN."). This dispute culminated in Pacific Coast filing suit in the Court of Federal Claims for, among other things, breach or constructive change of contract. Pacific Coast argued that it was owed the difference between the 1,888 productive hours it promised in its proposal and the 2,000 productive hours FPS demanded.

Following discovery and the parties' cross motions for summary judgment, the Court of Federal Claims agreed with Pacific Coast that the contract required only 1,888 productive hours per employee per year and that the government had constructively changed the contract when it demanded 2,000 productive hours. However, the Court of

Federal Claims held also that Pacific Coast had failed to prove that any harm had resulted from the government's constructive change and awarded no damages. This appeal followed.

## II

We review a grant of summary judgment by the Court of Federal Claims without deference. *Alamo v. United States*, 850 F.3d 1349, 1351 (Fed. Cir. 2017). Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* This court reviews the Court of Federal Claims' legal conclusions de novo. *Shell Oil Company v. United States*, 896 F.3d 1299, 1306 (Fed. Cir. 2018).

Pacific Coast argues that the Court of Federal Claims erred by requiring Pacific Coast to prove damages in order to recover for constructive change of a firm-fixed-price contract. Instead, Pacific Coast asserts it is entitled to the difference between the price it might have bid for 2,000 hours per year and the price it bid for 1,888 hours per year to reflect the added risk it bears under a firm-fixed-price contract. *See* Appellant's Br. 17–18. But it is well-established that a claim for compensation cannot be based on a speculative theory of damages. *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005); *San Carlos Irr. & Drainage Dist. v. United States*, 111 F.3d 1557, 1563 (Fed. Cir. 1997). And courts cannot award an equitable adjustment when doing so would result in a windfall. *See Admiral Fin. Corp. v. United States*, 378 F.3d 1336, 1345 (Fed. Cir. 2004). Since Pacific Coast admitted that it did not provide a "level of performance exceed[ing] 1,888 productive hours per year, per CLIN," J.A. 9, Pacific Coast's failure to provide any evidence to show costs incurred as a result of the government's constructive change is fatal. The Court of Federal Claims properly rejected

Pacific Coast's argument that it should be entitled to a speculative increase in the "value" of the contract.

Pacific Coast's reliance on *Empire Blue Cross & Blue Shield v. United States*, 26 Cl. Ct. 1393 (1992), to support its claim for "value" compensation is misplaced. Appellant's Br. 17–23. In *Empire*, the government sought to claw back additional payments made to a firm-fixed-price contractor whose staffing levels had decreased despite the government's purchase of additional work. *Empire*, 26 Cl. Ct at 1395. *Empire* is easily distinguished for at least three reasons. First, in *Empire*, it was the government who sought reimbursement from the contractor under a firm-fixed-price contract as opposed to, as here, a contractor seeking additional payment from the government. *Id.* Second, the Court of Federal Claims in *Empire* found that the contractor had actually incurred costs by dedicating idle staff to completing the new work under a theory of alternative utilization of available resources. *Id.* at 1396. Finally, in *Empire* the government actually bought new work which the contractor actually performed. *Id.* Here, Pacific Coast did not and cannot advance such a claim because it produced no evidence to show that it actually provided work in excess of 1,888 productive hours per year and, even more, has admitted that it did not perform beyond the contracted-for 1,888 hours. J.A. 9. *Empire* is thus inapposite.

Pacific Coast also argues on appeal that the Court of Federal Claims erred by requiring it to prove damages because the hours requirement of the contract was not a deliverable. Appellant's Br. 23. But Pacific Coast itself argued to the trial court that the contract only required 1,888 productive hours per employee per year and prevailed. *See, e.g.*, J.A. 568. It is unclear whether Pacific Coast preserved this argument below, but even if we consider it, the argument fails. The contract requires that contractor staff be physically present on site for the contracted number of hours, *id.* at 55, and further requires the contractor to provide invoices reflecting those hours, *id.* at 75,

180. The Court of Federal Claims properly interpreted the contract to require 1,888 hours per employee per year as a deliverable.

## III

We have considered Pacific Coast's remaining arguments and find them unpersuasive. Because we agree with the Court of Federal Claims that Pacific Coast was required to prove damages resulting from the government's constructive change and failed to do so, we affirm.

**AFFIRMED**